## BEFORE THE FIRST DIVISION, AUGUST 28, 1950

**No. 54627.**—American Mechanographic Corp. et al. *v.* United States, protests 38203–K, etc. (New York).

OLIVER, Chief Judge: The merchandise at bar is sound-recording film invoiced as "7 mm motion-picture film, unexposed and undeveloped." It was assessed under paragraph 31 (b) (2) of the Tariff Act of 1930 at 60 per centum ad valorem as manufactures of compounds of cellulose (other than cellulose acetate). It is claimed properly dutiable as motion-picture film under 1 inch in width, sensitized but not exposed or developed, at 12½ per centum ad valorem under

paragraph 1551 of the Tariff Act of 1930, as modified by the Belgian Trade Agreement, T. D. 47600.

The protests herein consist of four cases which were consolidated for trial. In protest 24938–K of L. P. Graner, filed January 26, 1940, the importer stated in general terms that it disagreed with the classification of the collector respecting this merchandise, which classification had been the subject of correspondence between the Bureau of Customs and the collector at the port of New York (plaintiff's exhibit 1, protest 24938–K). The correspondence in question related to the suggested classification by the collector of the involved tape as "photographic film, sensitized, at the rate of 12½ per cent ad valorem under paragraph 1551 of the Tariff Act of 1930," as modified by the Belgian Trade Agreement, *supra.* The Bureau of Customs in its reply to the collector gave it as its opinion that the merchandise was properly dutiable under paragraph 31 (b) (2) of the Tariff Act of 1930 at the rate of 60 per centum ad valorem as a manufactured product in chief value of a compound of cellulose (other than cellulose acetate). Prior to the hearing herein, on April 1, 1948, the plaintiff moved to amend said protest 24938–K in order to specifically claim the merchandise involved therein to be properly dutiable as "moving-picture films, sensitized but not exposed or developed, at 12½ per cent ad valorem under paragraph 1551 as modified by our trade agreement with Belgium (T. D. 47600)." The Government objected to the motion to amend on the ground that the original protest filed by the plaintiff was too general in that it indicated no specific paragraph under which the merchandise was claimed dutiable, and that the protest was therefore defective as a matter of law. The court took this motion under advisement. A reading of the original protest (24938–K) and of the correspondence in question (plaintiff's exhibit 1), the original of which was in the possession of the collector at the time of classification, indicates that the claim of the importer was made sufficiently clear to the collector, and we hold that reference to the letter (plaintiff's exhibit 1) in the original protest constitutes incorporation of the same in the protest. The motion to amend is granted.

The claim of the plaintiffs is to classification under paragraph 1551 of the Tariff Act of 1930. This paragraph, as amended by said Belgian Trade Agreement (T. D. 47600), provides for:

Photographic films, sensitized but not exposed or developed, of every kind except motion-picture films having a width of one inch or more, 12½ percent ad valorem.

The merchandise before us, of which a sample is in evidence (illustrative exhibit B), is a narrow strip of coated film, 7 mm. in width, this being one-fifth of the width of standard 35 mm. motion-picture film. After importation, a portion of the black opaque coating is removed by a sapphire stylus, thus recording on the film the vibrations of sound, whether that of the human voice or of any other sound, sought to be recorded for future use (illustrative exhibit A). It is not claimed that the emulsion on the imported sound film is sensitive to light, nor is there any evidence before us that this sound track film is developed in the manner that photographic film is developed to produce a negative, as is the case with photographic film, nor does it appear that this sound track film is thereafter used to print a positive image or picture of any kind. This sound track is used in connection with motion-picture film and synchronized with the action in such a way that ultimately the motion-picture film and the sound track are combined to produce what is commercially known as a sound or talking motion picture. It seems logical to assume, although this fact does not appear in the record, that if played alone, without any connection with any photographic film, this sound track would produce sound.

To succeed in their claim, the plaintiffs herein have assumed the burden of establishing by a fair preponderance of the evidence that the imported sound track film is (1) photographic film; (2) sensitized; and (3) not exposed or developed (paragraph 1551).

In the photographic art or industry, photographic film has a definite and common meaning. In Webster's New International Dictionary, Second Edition, 1948, page 1847, we find:

photographic, *adj.* 1. Of or pertaining to photography; obtained by, or used in, photography.

photography, *n.* 1. *Photog.* The art or process of producing images on sensitized surfaces by the action of light or, more generally, of any form of radiant energy. The images produced may be either visible, in which case they must be fixed by the removal of the unchanged sensitive material, or invisible (see LATENT IMAGE), when by further chemical treatment, known as development, a visible image is produced. The material used for the negative in modern photography is a glass plate or, more commonly, a transparent flexible film coated with an emulsion of silver halide suspended in gelatin. After development the unchanged silver halide is removed by solution in thiosulphate, and the fixed negative is then washed and dried. From the negative any number of positives may be printed on sensitized surfaces, which usually consist of silver chloride suspended in gelatin and coated on paper or, in the case of motion-picture film, a positive film similar in composition to that used for making the negative. See CAMERA, *n.*, 2; DEVELOPER, etc.

The above authority, page 1396, states:

latent image. *Photog.* An invisible image produced by a physical or chemical effect of light on matter (usually silver halide or halides) which can be rendered visible by the subsequent chemical process of photographic development.

Funk & Wagnalls New Standard Dictionary, 1942 Edition, page 922, supplies the following definition:

film, * * * 2. *Phot.* (1) A thin coating of sensitized material spread upon some support for receiving a picture by the agency of any one of many processes; also, the same coating including the picture after its production. (2) A flexible support, as of celluloid, to receive a sensitized coating for making pictures; also, the support bearing the completed picture. (3) Hence, a narrow strip of such sensitized material for the photographing and reproduction of a series of pictures, as in the motion-picture; colloquially, the motion-picture itself.

The same dictionary, page 2227, defines "sensitize" as follows:

To render sensitive; specif., to make sensitive to light, as a photographic plate or film.

In like manner, the descriptive term "exposed" has a definite and common meaning in the photographic field. Funk & Wagnalls, *supra*, at page 879, uses this example:

* * * he *exposed* the sensitized plate to the light; * * *.

While the word "developed" has many meanings in different fields, it has a very definite meaning in relation to photography. The above authority, page 694, gives the following:

develop, * * * (3) *Phot.* To make visible (a latent photographic image) upon a sensitized plate that has been exposed to the action of light, as in a camera; also, to cause such image to appear on (the plate).

The method of developing such a picture or image is also brought about in a very definite manner insofar as the photographic image is concerned. The same authority, in further explanation of the art, states, under the definition of the word "developer," page 694:

Specif.: (1) A chemical bath for developing a photograph.

The merchandise before us has none of the common characteristics of photographic film other than that the cellulose strip or base seems to be the same, at least in appearance. As this sound track film is not a photographic film, has not been sensitized, and is not susceptible of exposure or development in a photographic sense, it is excluded from the provisions of paragraph 1551, as modified, and is properly classified under paragraph 31 (b) (2) as a compound of cellulose, as assessed. The classification of the collector is sustained and the protest claim herein is denied. Judgment will issue accordingly.